**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**STEVE E. KONTARINES,**

                  **Plaintiff,**

         **-against-**

**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC.,**
*as Nominee for Aurora Loan Services*,

                  **Defendant.**
----------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**15-CV-2206 (ARR)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      By letters filed on June 1, 13, and 20, 2016 – after the close of fact discovery in this breach of contract case – plaintiff Steve E. Kontarines ("plaintiff") sought permission to file an amended complaint in order to add, "amongst others," claims for "Civil Rico [sic] and state causes of action for fraud . . . ." First Motion to Amend/Correct/Supplement [C]omplaint (June 1, 2016) ("6/1/16 Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #23; see Letter in Response to Defendant's June 3 [L]etter (June 13, 2016) ("6/13/16 Pl. Letter"), at 2-3, DE #25; Letter Motion to Amend/Correct/Supplement [C]omplaint (June 20, 2016 ("6/20/16 Pl. Letter Motion"), DE #30. Defendant Mortgage Electronic Registration Systems, Inc., as Nominee for Aurora Loan Services ("defendant"), opposes the request, on the grounds that "any such amendment would be futile, would unduly delay this matter and would cause prejudice to Defendant." Letter . . . [R]esponding to Plaintiff's Request to Amend Complaint (June 3, 2016) ("6/3/16 Def. Opp.") at 1, DE #24; see Response in Opposition (June 24, 2016) ("6/24/16 Def. Opp."), DE #31.

For the reasons that follow, this Court denies plaintiff's motion to amend.

## PROCEDURAL BACKGROUND

Plaintiff first commenced this action in state court on February 23, 2015, charging defendant with breach of contract based on defendant's alleged failure to comply with a so-ordered stipulation arising out of an earlier mortgage foreclosure action against the plaintiff herein. See generally Complaint, DE #1-2. On April 17, 2015, defendant removed plaintiff's breach of contract case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

At a proceeding held on June 3, 2015, the undersigned magistrate judge sought without success to settle the case and entered a scheduling order to govern pretrial matters. See Minute Entry (June 3, 2015), DE #11. Among other things, the Court set a deadline of July 31, 2015 for amending the pleadings and adding new parties, and imposed a fact discovery cut-off of December 11, 2015. See id. Six months later, on December 1, 2015, the Court granted a 60-day extension of the discovery deadline, until February 16, 2016, see Electronic Order (Dec. 1, 2015); the parties did not request an extension of the long-expired deadline for amending the pleadings, which thus remained unchanged. The Court thereafter granted yet another extension of fact discovery, until April 1, 2016, but the deadline for amending the pleadings again was unaffected. See Electronic Order (Feb. 17, 2016). A final extension of fact discovery was granted on April 20, 2016, to enable the parties to conclude court-annexed mediation; fact discovery closed on May 27, 2016. See Electronic Order (Apr. 20, 2016). The parties' mediation efforts failed. See Report of Mediation Unsettled (Apr. 29, 2016).

On May 20, 2016, only one week before the court-ordered deadline for fact discovery, plaintiff moved to replace his attorney with new counsel. See Motion to Substitute Attorney

(May 20, 2016), DE #21.  Mindful of the protracted nature of this litigation and the impending closure of discovery, the Court ruled as follows:

> The Court approves the substitution of counsel, on the condition that the case will not be delayed in any way.  The deadlines for discovery (May 27, 2016) and requests for a premotion conference (June 3, 2016) remain the same and, given the series of extensions previously granted, will not be adjourned.

Electronic Order (May 23, 2016) ("5/23/16 Order").

The following week, in a conclusory six-sentence letter, plaintiff's newly substituted attorney asked the Court for permission to amend the complaint to add "Civil Rico [sic] and state causes of action for Fraud . . . ."  6/1/16 Pl. Motion.  Meanwhile, in compliance with the deadline for seeking a premotion conference in anticipation of a dispositive motion, defendant filed a request for such a conference and, in the same submission, objected to plaintiff's request for permission to amend; noting that the deadline for amending the pleadings had expired on July 31, 2015, defendant claimed that plaintiff had not shown "good cause" for reopening the period for amendments, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP").  See 6/3/16 Def. Opp. at 4-5 (citing Alexander v. Westbury Union Free Sch. Dist., 829 F.Supp.2d 89, 117 (E.D.N.Y. 2011)).  Defendant further complained that allowing the belated amendment would cause undue delay, thereby prejudicing defendant:  "Defendant is unable to market the Property [that is the subject of the instant lawsuit] for sale because Plaintiff continues to reside there . . . , while Defendant (by way of its servicer) continues to make regular payments for property taxes and hazard insurance."  Id. at 5.  Defendant also argued that any such amendment "would be futile because there are no facts in the record that would support any such claims."  Id.

In responding to defendant's June 3rd submission, plaintiff vaguely asserted that he "has come to learn of even more facts that only serve to further warrant an order granting him leave to file an amended complaint . . . ." 6/13/16 Pl. Letter at 3. Rather than identifying these new "facts" or addressing the good-cause standard embodied in Rule 16(b), plaintiff sought "leave to bring a motion to amend . . . ." Id.

That same day, the Court issued an order expressing its preference that requests to amend "be litigated in the form of letter-briefs, rather than formal motions." Order (June 13, 2016) at 1, DE #26. The Court set a schedule for supplemental submissions. See id.[1] On June 20, 2016, plaintiff filed a letter in which he outlined facts "that the Plaintiff has found during the discovery process, and the initial finding by [plaintiff's] retained expert," see 6/20/16 Pl. Letter Motion at 3, which plaintiff claimed support the causes of action "sounding in fraud" that plaintiff seeks to add to his complaint, see id. at 1; see generally id. at 1-3. In addition, plaintiff for the first time disclosed that his amended pleading would also include several new defendants. See id. at 3. Defendant's supplemental letter, filed on June 24, 2016, argued, among other things, that plaintiff had not acted diligently in pursuing discovery in this case, see 6/24/16 Def. Opp. at 3-5, and thus failed to satisfy Rule 16(b)'s good-cause standard, see id. at 3 (citing Bartels v. Village of Lloyd Harbor, 97 F.Supp.3d 198, 223 (E.D.N.Y. 2015)).

## DISCUSSION

Plaintiff's belated request for permission to further amend his pleading to add new

---

[1] At plaintiff's request, the original June 16th deadline for his submission was extended to June 20, 2016. See Order (June 16, 2016), DE #29.

causes of action and new defendants is devoid of any discussion of the governing legal standard for assessing such a request. As defendant correctly notes, where, as here, a court has set a scheduling order pursuant to Rule 16 of the FRCP, the court must first address whether the party seeking to amend has shown "good cause" for modifying that scheduling order. See Fed. R. Civ. P. 16(b)(4); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243-44 (2d Cir. 2007); accord Gullo v. City of N.Y., 540 F.App'x 45, 46-47 (2d Cir. 2013) (affirming denial of untimely motion to amend to name defendant officers). One purpose of Rule 16 is to "offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983)).

If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15 of the FRCP. See Kassner, 496 F.3d at 244. Although Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), even under that liberal standard, leave to amend may be denied "for good reason, including futility, bad faith, undue delay or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, the court-imposed deadline for plaintiff to further amend his pleading expired on July 31, 2015. Therefore, Rule 16 governs this dispute.[2]

---

[2] Although plaintiff has framed his motion as one to amend, he also seek to add new parties,
(continued...)

Rule 16 allows a party to obtain a modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). It is the movant's burden to establish good cause. See Parker, 204 F.3d at 340; Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., No. 02 Civ. 1230(LMM), 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted). A party has not acted diligently where the proposed amendment to the pleading is based on information "that the party knew, or should have known," in advance of the deadline sought to be extended. See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F.Supp.2d 453, 457 (S.D.N.Y. 2012) (quoting Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) (collecting cases), aff'd, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009)). Although diligence is the primary focus of a "good cause" analysis, a court may, in its discretion, also consider other factors, such as whether "allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244.

---

[2](...continued)
thereby implicating Rule 20(a) and Rule 21 of the FRCP. See Fed. R. Civ. P. 20(a), 21. Regardless, "there is in practical terms little difference" among the three rules. See The Nielsen Co. (US), LLC v. Success Sys., Inc., No. 11 Civ. 2939(BSJ)(FM), 2012 WL 3526625, at *5 (S.D.N.Y. Aug. 13, 2012) (quoting Savine-Rivas v. Farina, No. CV-90-4335 (CPS), 1992 WL 193668, at *2 (E.D.N.Y. Aug. 4, 1992)) (collecting cases); see also Lawrence v. Starbucks Corp., No. 08 Civ. 3734(LTS)(JCF), 2009 WL 4794247, at *3 n.4 (S.D.N.Y. Dec. 10, 2009) ("Although the Second Circuit has not spoken directly on the issue, courts have found that the good cause standard of Rule 16 should be applied to requests to add parties under Rule 21 after a deadline in a scheduling order.") (citing Int'l Media Films Inc. v. Lucas Entm't, Inc., No. 07 Civ. 1178(JGK)(FM), 2008 WL 781823, at *1-3 (S.D.N.Y. Mar. 20, 2008)).

Plaintiff has not established good cause for extending the (expired) deadline for amending his pleading and adding new parties after discovery has already closed. Plaintiff's motion to amend provides no excuse for his inordinate delay in this case, let alone "good cause" under Rule 16. While plaintiff's latest submission repeatedly references "facts that the Plaintiff has found during the discovery process," 6/20/16 Pl. Letter Motion at 2; see id. at 1-2, he fails to particularize when he discovered those facts and why he could not, with diligence, have discovered the necessary information at an earlier stage of the proceeding.[3] For all that appears in the court file, the timing of plaintiff's belated application is the product of his retention of new counsel and resulting change in strategy – factors that do not constitute good cause under Rule 16(b). See Scott v. N.Y.C. Dep't of Corr., 445 F.App'x 389, 391 (2d Cir. 2011); ArjoHuntleigh, Inc. v. Armstrong, No. 11-CV-421 (SLT)(RLM), 2012 WL 294460, at *2 (E.D.N.Y. Jan. 31, 2012).

The involvement of plaintiff's current counsel may well explain why plaintiff now seeks to add new claims and defendants and why he failed to do so during discovery; however, the relevant inquiry is not when the plaintiff first became motivated to amend, but when he knew (or should have known) of the facts that form the basis for his new allegations. See Cohen v. G & M Realty L.P., No. 13-CV-5612 (FB)(RLM), 2015 WL 1182712, at *4

---

[3] Plaintiff's June 13th letter complains of "the delay caused by Defendant in responding to Plaintiff's discovery demands," 6/13/16 Pl. Letter at 2, but fails to acknowledge that defendant's responses were served in November 2015, see 6/24/16 Def. Opp. at 4 – after the July 31, 2015 deadline for amendments had passed, but while discovery was still ongoing and at a point in time when a motion to extend that deadline would have been more favorably looked upon. Plaintiff also alleges that "depositions were not held until April 2016," 6/13/16 Pl. Letter at 2, but is silent as to why plaintiff did not notice the depositions earlier or why he then waited until June to move to amend.

(E.D.N.Y. Mar. 13, 2015). This principle applies with particular force in this case, where the Court expressly warned plaintiff that discovery would not be extended or the case otherwise delayed on account of his last-minute substitution of counsel. See 5/23/16 Order.

Finally, although Rule 16(b)(4) does not require the Court to consider whether an amendment would prejudice the defendant, see Kassner, 496 F.3d at 244, here, allowing plaintiff to add entirely new claims and new defendants would materially expand the litigation and would necessarily prejudice the existing defendant, as it would require the reopening of fact discovery. Such a result would not only increase defendant's litigation expenses, but would further delay the resolution of this matter, thus allowing plaintiff "to remain at the subject property" without paying the mortgage, property tax or insurance premiums, and preventing defendant from marketing the property. See 6/3/16 Def. Opp. at 5; 6/24/16 Def. Opp. at 2.

Therefore, plaintiff's motion to further amend his complaint and to add new defendants is denied, as is his implicit request that discovery be reopened.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend is denied in its entirety.

**SO-ORDERED.**

**Dated:**     **Brooklyn, New York**
           **July 12, 2016**

                        /s/   *Roanne L. Mann*
                        **ROANNE L. MANN**
                        **CHIEF UNITED STATES MAGISTRATE JUDGE**